# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

KENNETH VAUGHN, )
)
      Petitioner, )
)
vs. )     **Case No. 4:05CV 842 HEA**
)
STEVEN MOORE, )
)
      Respondent. )

## ORDER AND REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the petition of Kenneth Vaughn for a writ of habeas corpus under 28 U.S.C. § 2254. Also pending before the court is petitioner's Motion to Expand the Record Pursuant to Rule 7. (Document Number 41). This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

## Procedural History

Petitioner is confined at the Western Missouri Correctional Center pursuant to the judgment and sentence of the Circuit Court of the City of St. Louis, Missouri. See Resp't Ex. 1 at 51-53. On May 20, 2003, petitioner pled guilty to second degree robbery and attempted second degree robbery, and was sentenced to ten years imprisonment for each count, to be served concurrently. See id. at 14-49.

On August 18, 2003, petitioner filed a pro se motion for post-conviction relief pursuant to Rule 24.035. Id. at 57-77. On December 22, 2003, after appointment of counsel, petitioner filed an amended motion. Id. at 79-85. Petitioner argued that plea counsel provided ineffective

assistance by failing to conduct adequate pretrial investigation, which coerced him into pleading guilty and waiving his right to a jury trial. See id. On January 30, 2004, the motion court denied petitioner's motion. Id. at 88-94.

On March 5, 2004, petitioner timely filed a notice of appeal from the denial of post-conviction relief. Id. at 97-98. Petitioner raised a single point on appeal of the denial of post-conviction relief. See Resp't Ex. 2. Petitioner argued that plea counsel provided ineffective assistance by failing to adequately investigate two potential defenses, which coerced him into pleading guilty and waiving his right to a jury trial. See id. On March 15, 2005, the Missouri Court of Appeals for the Eastern District affirmed the denial of post-conviction relief. See Resp't Ex. 4.

On May 25, 2005, petitioner, pro se, filed the instant petition for a writ of habeas corpus, in which he raises two grounds for relief. (Doc. No. 3). Petitioner argues that plea counsel provided ineffective assistance in allowing petitioner to plead guilty even though counsel was aware of alibi witnesses and security cameras at the crime scene. See id. Petitioner also argues that plea counsel conducted an inadequate pretrial investigation causing him to plead guilty. See id. On August 3, 2005, respondent filed a Response to Order to Show Cause, in which respondent argues that petitioner's claims fail on their merits. (Doc. No. 7).

Petitioner filed requests for an evidentiary hearing, in which he claimed that a camera with film exists to exonerate him and that he has alibi witnesses to substantiate his claims. (Docs. No. 24, 26). In an Order dated September 13, 2007, the court denied petitioner's requests for an evidentiary hearing. (Doc. No. 39). The court found that petitioner procedurally defaulted his claims by failing to present them to the state courts and that the guilty plea transcript refutes petitioner's claims.

**Discussion**

I.     **Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. §

2254(d), which provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in the
> > State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in Williams v. Taylor, 529 U.S. 362, 120

S.Ct. 1495, 146 L.Ed.2d 389 (2000).  With respect to the "contrary to" language, a majority of the

Court held that a state court decision is contrary to clearly established Federal law "if the state court

arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or

if the state court decides a case differently than the Court has on a set of "materially

indistinguishable" facts.  529 U.S. at 405, 120 S.Ct. at 1519.  Under the "unreasonable application"

prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule

from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the

particular state prisoner's case."  Id. at 407, 120 S.Ct. at 1520.  Thus, "a federal habeas court

making the 'unreasonable application' inquiry should ask whether the state court's application of

clearly established federal law was objectively unreasonable."  Id. at 409, 120 S.Ct. at 1521.

Although the Court failed to specifically define "objectively unreasonable," it observed that "an

unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410, 120 S.Ct. at 1522.

## II.     Petitioner's Claims

Petitioner argues that plea counsel provided ineffective assistance in allowing petitioner to plead guilty even though counsel was aware of alibi witnesses and security cameras at the crime scene. Petitioner also argues that plea counsel conducted an inadequate pretrial investigation, which caused him to plead guilty.

In his post-conviction relief motion and in his appeal from the denial of post-conviction relief, petitioner argued that plea counsel provided ineffective assistance by failing to conduct adequate pretrial investigation, which coerced him into pleading guilty and waiving his right to a jury trial. This appears to be the same claim that petitioner is raising in ground one and ground two of his petition. Petitioner has merely organized his claim as two claims in his petition. As such, the court will consider petitioner's claims together.

The motion court rejected petitioner's claim, noting that plea counsel investigated and endorsed witnesses, filed pretrial motions, and issued subpoenas for three different witnesses. See Resp't Ex. 1 at 92. The court further noted that although petitioner claims that counsel failed to see whether film from security camera existed, petitioner did not allege that film exists or that the film was exculpatory. See id. Finally, the court pointed out that petitioner testified at his plea and sentencing that his attorney did everything petitioner asked him to do. See id.

The Missouri Court of Appeals similarly rejected petitioner's claim, noting that petitioner neither alleged that a camera existed nor alleged that it would have contained beneficial information. See Resp't Ex. 4 at 3. The Court further found that petitioner's testimony at the guilty plea hearing refutes his contention that he was coerced into pleading guilty. See id. at 4. Specifically, the Court

pointed to petitioner's testimony that he knew he could subpoena witnesses at trial to testify on his behalf, his counsel had answered all of his questions, he was satisfied with counsel's services, and no one had forced him to plead guilty. See id.

As a general rule, "a defendant's knowing and intelligent guilty plea forecloses independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Weisberg v. Minnesota, 29 F.3d 1271, 1279 (8th Cir. 1994). A petitioner may only attack the voluntariness of the plea, showing that counsel's advice was defective. See Hanson v. Passer, 13 F.3d 275, 281 (8th Cir. 1994). "When a defendant is represented by counsel during the plea process and enters a plea upon counsel's advice, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Blalock v. Lockhart, 977 F.2d 1255, 1257 (8th Cir. 1992) (quoting Hill v. Lockhart, 474 U.S. 52, 56, 106 S. Ct. 366, 369, 88 L.Ed.2d 303 (1985)). The test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), applies to the determination of whether assistance of counsel during the plea process was constitutionally ineffective. See Hill, 474 U.S. at 57, 106 S. Ct. at 369-70. To successfully assert an ineffective assistance of counsel claim, a petitioner must show that (1) his attorney's performance was deficient in that he failed to exercise the customary skill and diligence that a reasonably competent attorney would manifest under similar circumstances, and (2) the deficient performance prejudiced the defense. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. A petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Prejudice is shown by demonstrating a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on a trial. See Hill, 474 U.S. at 59, 106 S. Ct. at 370.

First, the record itself refutes petitioner's claim of involuntariness of his plea due to ineffective assistance of counsel. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the [petitioner's] representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)). A state court's factual findings regarding the plea are presumed to be correct so long as they are fairly supported by the record. See Bivens v. Groose, 28 F.3d 62, 63 (8th Cir. 1994).

At the hearing where petitioner pled guilty, the court carefully questioned petitioner to ensure that his plea was taken voluntarily. After being informed of the evidence sought to be presented against him at trial, questioned as to whether he understood the nature of the punishment, questioned about the effectiveness of his counsel, informed that he did not have to plead guilty, but could proceed to trial and was informed of all of the rights that he would be entitled to at trial, the transcript shows that petitioner entered his plea voluntarily:

> THE COURT: Okay. Has anyone promised to you, sir, or guaranteed to you what I would do if you did plead guilty on these charges?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone threatened you or intimidated you in any way to force you to plead guilty against your will?
>
> THE DEFENDANT: No.

Resp't Ex. 1 at 31. The record also indicates that petitioner enjoyed effective assistance of counsel:

> THE COURT: Have you discussed those charges and your case with Mr. Reynolds, your attorney?
>
> THE DEFENDANT: Yes.

THE COURT: Have you had enough time to talk with him about this case to make a decision of whether or not to plead guilty here today?

THE DEFENDANT: Yes.

...

THE COURT: In your discussion with Mr. Reynolds, your attorney, has he answered all your questions for you?

THE DEFENDANT:  Yes.

THE COURT:  Are you satisfied with his legal services?

THE DEFENDANT:  Yes.

THE COURT: Any complaints?

THE DEFENDANT: No.

Id. at 21, 32.  These colloquies bolster the proposition that petitioner's plea was voluntary and that petitioner enjoyed effective assistance of counsel.  Thus, the decisions of the Missouri courts are not contrary to or an unreasonable application of clearly established federal law.

Further, as discussed in the court's Order denying petitioner's requests for an evidentiary hearing, petitioner's claim that film exists to exonerate him is procedurally barred because he did not raise this claim in his post-conviction relief motion.  "A petitioner must present '*both* the *factual and legal* premises' of his claims to the state courts in order to preserve them for federal habeas review."  Flieger v. Delo, 16 F.3d 878, 884 (8th Cir. 1994) (quoting Cox v. Lockhart, 970 F.2d 448, 454 (8th Cir. 1991)) (emphasis in original).  Petitioner did not allege that a camera and film exist to exonerate him in state court but only claimed that plea counsel failed to investigate whether they existed.  As such, petitioner has procedurally defaulted this claim by failing to present it to the state courts.

Accordingly, the undersigned recommends that petitioner's ground for relief be denied.

**III.** **Petitioner's Motion to Expand the Record Pursuant to Rule 7**

Petitioner has filed a Motion to Expand the Record Pursuant to Rule 7. (Doc. No. 41). In his motion, petitioner requests that the court expand the record so as to include the State court records related to his claim. Petitioner also requests an evidentiary hearing.

The State court records have already been provided to the court by the respondent. (Doc. No. 8). Specifically, respondent has filed the post-conviction relief legal file, petitioner's appellate brief, the State's appellate brief, and the opinion of the Missouri Court of Appeals as exhibits. The court has considered these exhibits in determining the merits of petitioner's ground for relief.

With regard to petitioner's request for an evidentiary hearing, the court has previously denied petitioner's motion for an evidentiary hearing on the basis that an evidentiary hearing would not assist in the resolution of petitioner's claim. Petitioner has failed to demonstrate grounds for holding an evidentiary hearing in this matter.

Accordingly, petitioner's Motion to Expand the Record Pursuant to Rule 7 will be denied.

**IV.** **Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## ORDER

**IT IS HEREBY ORDERED** that petitioner's Motion to Expand the Record Pursuant to Rule 7 (Doc. No. 41) be and it is **denied.**

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the petition of Kenneth Vaughn for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied.**

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised that they have eleven (11) days, until XXX, to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this 18th day of April, 2008.

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE